UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL PULIDO,<br><br>    Petitioner,<br><br>    v.<br><br>G.J. JANDA, Warden,<br><br>    Respondent. | NO. CV 12-5096-JAK (AGR)<br><br>ORDER TO SHOW CAUSE |

On June 12, 2012, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears the one-year statute of limitations has expired.

The court, therefore, orders Petitioner to show cause, on or before ***July 16, 2012***, why the court should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

# I.

## PROCEDURAL BACKGROUND

On April 18, 2003, a Los Angeles County jury convicted Petitioner of various crimes. (Petition at 2.) The court sentenced Petitioner to two life terms without the possibility of parole plus 5 years, 4 months in prison. (*Id.*) In March 2004, the California Court of Appeal affirmed the conviction. (*Id.* at 3.) On May 12, 2004, the California Supreme Court denied review. California Online Appellate Courts Case Information in Case No. S123922.

On January 3, 2011, Petitioner filed a habeas petition in the Superior Court, which was denied on January 11, 2011. (*Id.*, Attached, Order Denying Writ of Habeas Corpus.) On August 25, 2011, Petitioner filed a habeas petition in the California Court of Appeal, which was denied on February 6, 2012. (*Id.*, Attached, Order Denying Habeas Corpus Petition.) On February 6, 2012, Petitioner filed a habeas petition in the California Supreme Court, which was denied on May 9, 2012, with citations, including *In re Robbins*, 18 Cal. 4th 770, 780 (1998).[1] (*Id.*, Attached, Decision); *see also* California Online Appellate Courts Case Information in Case No. S199946.

On June 7, 2012, Petitioner constructively filed (Petition, Back of envelope) the instant petition in this court in which he raises two grounds: (1) insufficient evidence and (2) a *Miranda* violation. (*Id.* at 5.)

# II.

## STATUTE OF LIMITATIONS

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

---

[1] A citation to page 780 of *In re Robbins* is a "clear ruling that [a] petition was untimely." *See Thorson v. Palmer,* 479 F.3d 643, 645 (9th Cir. 2007)*.*

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D). Only subdivision (d)(1)(A) is relevant in Petitioner's case.

The California Supreme Court denied review on direct appeal on May 12, 2004. Petitioner's conviction became final ninety days later on August 10, 2004. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Absent tolling, the statute of limitations expired on August 10, 2005.

### A.   Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Because Petitioner did not file his first state habeas petition until January 3, 2011, he is not entitled to statutory tolling. *See Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003) (state habeas petition filed after the limitations has expired does not revive the expired limitations period). Absent equitable tolling, the petition is time-barred.

### B.   Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010). "[A] 'petitioner' is 'entitled equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Id.* at 2565 (citations and quotation

marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary circumstances" circumstances" were the *cause* of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphases in original).

      There is no indication in the petition that Petitioner is entitled to equitable tolling. The instant petition is therefore late by almost seven years.

## III.

## ORDER TO SHOW CAUSE

      IT IS THEREFORE ORDERED that, on or before ***July 16, 2012***, Petitioner shall show cause, if there be any, why the court should not recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations.

      **Petitioner is also advised that if he fails to timely respond to this order to show cause, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations.**

DATED: June 14, 2012

                                              */s/ Alicia G. Rosenberg*
                                              ALICIA G. ROSENBERG
                                              United States Magistrate Judge