UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL PULIDO,<br><br>      Petitioner,<br><br>      v.<br><br>G.J. JANDA, Warden,<br><br>      Respondent. | NO. CV 12-5096-JAK (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the petition, records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected. The Court accepts the findings and recommendation of the Magistrate Judge.

The Magistrate Judge recommended that the petition be dismissed based on expiration of the statute of limitations. The petition was filed almost seven years late. (Report at 4.) In his response to the Magistrate Judge's order to show cause, Petitioner did not argue he was entitled to equitable tolling. (*Id.*) In his objections, Petitioner states he "does not speak, understand english. Has a

6th grade education. No person with a Legal sense wanted to help."[1] Petitioner presents no evidence that his supposed inability to speak and understand English, or his level of education, made it impossible for him to file a habeas petition for almost a 7-year period. *See Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006) ("[W]e conclude that a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source."); *Aparicio v. McDaniel*, 2012 WL 1079055, *8 (D. Nev. 2012) ("A limited education level, standing alone, is not an extraordinary circumstance that stands in the way of and prevents a timely filing."); *Jones v. Busby*, 2010 WL 2742213, *4 (C.D. Cal. 2010) (collecting cases).[2]

Petitioner's remaining objections have no merit.

IT IS ORDERED that judgment be entered denying the petition and dismissing this action with prejudice.

DATED: September 17, 2012

JOHN A. KRONSTADT
United States District Judge

---

[1] Petitioner did not make these statements under penalty of perjury. Indeed, he did not sign his objections.

[2] The Court also notes that both of Petitioner's state habeas petitions were filed *in pro per* in California. See California Online Appellate Courts Case Information in Case Nos. B235438 and S199946.